**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **RUDOLPH CAREY III,** | |
| **Plaintiff,** | |
| **v.** | **1:21-cv-01090-LO-TCB** |
| **ALISON LAND, in her official capacity as Commissioner of the Virginia Department of Behavioral Health and Developmental Services,** | |
| **Defendant.** | |

**MEMORANDUM IN SUPPORT OF DEFENDANT COMMISSIONER LAND'S
MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) AND 12(b)(6)**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure,

defendant, Alison Land ("Commissioner Land"), in her official capacity as Commissioner of the

Virginia Department of Behavioral Health and Developmental Services ("DBHDS"), by counsel,

respectfully submits this Memorandum of Law in Support of her Motion to Dismiss the

Complaint filed by plaintiff, Rudolph Carey III ("plaintiff").

## I.    INTRODUCTION

Plaintiff was convicted of, among other things, felony assault and battery of a law

enforcement officer in 2004.  Such conviction is known as a "barrier crime" which, pursuant to

portions of Virginia Code § 37.2-416, bars the convicted individual from working in a direct care

position as a substance abuse counselor.  Plaintiff, who has not been convicted of any crimes

since his 2007 release from prison, desires to work as a substance abuse counselor.

Plaintiff challenges the constitutionality of Virginia Code § 37.2-416(B)(1), B(4) and (K) under 42 U.S.C. § 1983 and the Equal Protection, Due Process, and Privileges and Immunities Clauses of the Fourteenth Amendment. Plaintiff seeks a judgment declaring Virginia Code § 37.2-416(B)(1), B(4) and (K) unconstitutional as applied to all people seeking to work as substance abuse counselors, specifically those with a conviction for assault and battery of a law enforcement officer, and as applied to the plaintiff. Plaintiff also seeks to enjoin DBHDS' enforcement of Virginia Code § 37.2-416(B)(1), B(4) and (K), as applied to all people seeking to work as substance abuse counselors, specifically those with a conviction for assault and battery on a law enforcement officer, and as applied to the plaintiff.

Plaintiff's claims should be dismissed from the outset because he lacks standing to bring as-applied claims on his own behalf or on behalf of third parties. Additionally, plaintiff's claims should be dismissed because they are not ripe. Even if the Court found that plaintiff has standing and his claims are ripe, the Complaint should be dismissed for failure to state a claim for relief that is plausible on its face. Plaintiff's equal protection claim fails because he does not show that he is treated differently than similarly situated persons. Likewise, plaintiff fails to state an equal protection or due process claim because Virginia Code § 37.2-416 is rationally related to the government's legitimate interest of ensuring the public health, safety, and general welfare. Accordingly, the Complaint should be dismissed with prejudice.

## II.    FACTUAL ALLEGATIONS

### A.    Plaintiff's Relevant Criminal History

Plaintiff is a convicted felon with a history of drug and alcohol addiction. Compl. ¶¶ 15-19. The felony most relevant to the instant lawsuit occurred on August 13, 2004 when the plaintiff, driving under the influence of drugs on the way to meet his drug dealer, was pulled

over for a broken taillight. *Id.* at ¶ 18. Plaintiff lied to the police officer about his identity and signed his traffic ticket with a fake name. *Id.* When the police officer attempted to arrest him for forging a public record, plaintiff assaulted the police officer and tried to flee. *Id.* From this incident, plaintiff was charged and convicted of driving on a suspended license, felony forging a public record, and felony assault and battery on a law enforcement officer in violation of Virginia Code § 18.2-57(C). *Id.* at 19. In 2007, plaintiff was released from prison for these convictions. *Id.* at ¶ 21. Plaintiff entered and ultimately completed inpatient rehabilitation treatment. *Id.* at ¶¶ 22, 24. Since 2007, plaintiff has not been convicted of any crimes, and he alleges that he has not used illegal drugs. *Id.* at ¶¶ 27-28.

**B.     Plaintiff Contends He Did Not Know He Was Barred From Working In A Direct Care Position As A Substance Abuse Counselor**

Since his release from prison in 2007, plaintiff became interested in working in substance abuse counseling, completed college coursework for substance abuse counseling, and later earned a separate bachelor's degree. *Id.* at ¶¶ 33-34. Notwithstanding Virginia Code § 37.2-416(B), in October 2013, plaintiff began working as a supervised counselor at a licensed substance abuse treatment facility. *Id.* at ¶ 35. Plaintiff alleges that neither he nor his employer "correctly understood the scope of the ban [under Virginia Code § 37.2-416(B)], and both believed he could legally work as a counselor despite his criminal record." *Id.* at ¶ 36.

In 2018, plaintiff's employer was bought by another company. *Id.* at ¶ 40. Upon review of its legal obligations, the new employer contacted DBHDS to determine plaintiff's eligibility to be employed as a substance abuse counselor. *Id.* at ¶ 40-41. By letter, DBHDS confirmed that plaintiff was ineligible to work in any direct care position for a licensed provider because of his 2004 felony conviction for assault and battery of a law enforcement officer. *Id.* at ¶¶ 41-42. In

turn, in 2018, plaintiff was dismissed from his job. *Id.* at ¶ 43. Plaintiff, now age 51, is currently employed as a truck driver, but he wants to be a substance abuse counselor. *Id.* at ¶¶ 12, 44-45.

### C. Virginia Code § 37.2-416

The DBHDS licenses and regulates facilities that provide interventions to reduce or ameliorate substance abuse through care, treatment, habilitation, training, and other supports. *See* Compl. ¶ 48; 18 VAC § 115-30-10 *et seq.*; Va. Code §§ 37.2-403, 37.2-405. Pursuant to Virginia Code § 37.2-416(A), "some jobs" at facilities that provide substance abuse care and treatment, are "direct care positions." Compl. ¶ 49. A "direct care position" is defined as "any position that includes responsibility for (i) treatment, case management, health, safety, development, or well-being of an individual receiving services or (ii) immediately supervising a person with this responsibility." *Id.*; Va. Code § 37.2-416(A). Substance abuse counseling is a direct care position.[1] *Id.* at ¶ 50.

Not all persons are eligible to be employed in direct care positions. *Id.* at ¶ 54. Pursuant to Virginia Code § 37.2-416(B), when a licensed provider wants to hire a substance abuse counselor, the employer and prospective employee submit paperwork to DBHDS, a criminal background check is conducted, and DBHDS sends a letter stating the prospective employee's eligibility for a direct care position. *Id.* at ¶¶ 51-53.

Under Virginia Code § 37.2-416(B), an individual is ineligible to work in a direct care position if they have been convicted of a "barrier crime" as defined in Virginia Code § 19.2-392.02, unless an exception applies.[2] Compl. ¶ 54; Va. Code § 37.2-416(C), (D), and (F).

---

[1] A "direct care position" includes positions besides substance abuse counseling. Compl. ¶ 49; Va. Code § 37.2-416(A).

[2] Contractors and temporary workers are also ineligible to work in a direct care position if they have a barrier crime conviction. Va. Code § 37.2-416(B)(4), and (K).

Barrier crimes include violent felonies against a person, such as rape, robbery, unlawful wounding, and assault and battery on a law enforcement officer. Va. Code §§ 37.2-416(B), 19.2-392.02. Barrier crimes also include crimes involving morals and decency such as certain commercial sex trafficking and prostitution crimes and crimes against children. *Id.* Additionally, some nonviolent felonies, including drug related offenses, are barrier crimes. *Id.* Some misdemeanor convictions, such as hazing and reckless handling of a firearm, are also barrier crimes. *Id.*

Pursuant to one exception to Virginia Code § 37.2-416(B), persons with barrier crime convictions for certain misdemeanors and felonies may be hired for a direct care position if the provider determines the criminal behavior was substantially related to the prospective employee's substance abuse or mental health and the prospective employee has been successfully rehabilitated and is not a risk to individuals receiving services based on the individual's criminal history background and substance abuse or mental illness history. Va. Code § 37.2-416(C). The only offenses against a person for which an individual with a barrier crime conviction may be employed in a direct care position under this exception are: reckless endangerment of others by throwing objects from placers higher than one story, misdemeanor hazing, misdemeanor reckless handling of firearms, threats of death or bodily injury, misdemeanor assault and battery, and first offense misdemeanor assault and battery against a family or household member. *Id.*

In addition, in exception to Va. Code § 37.2-416(B), an individual convicted of not more than one felony assault and battery against a law enforcement officer in violation of Virginia Code § 18.2-57(C) may be hired in a direct care position if he (1) is granted a simple pardon, (2) more than 10 years have elapsed since the conviction, and (3) "the hiring provider determines,

based upon a screening assessment, that the criminal behavior was substantially related to the applicant's substance abuse and that the person has been successfully rehabilitated and is not a risk to individuals receiving services based on [the individual's] criminal history background and [. . .] substance abuse history." Va. Code § 37.2-416(D).[3]

In the instant case, plaintiff's conviction for assault and battery against a law enforcement officer makes him ineligible to hold a direct care position as a substance abuse counselor unless he meets the exception requirements set forth under Virginia Code § 37.2-416(D). Plaintiff is ineligible for this exception at this time because he has not been pardoned. Compl. ¶ 62.

### D.     Plaintiff's Claims And Requested Relief

The plaintiff files Equal Protection, Due Process, and Privileges or Immunities claims pursuant to 42 U.S.C. § 1983 and requests that this Court enter an order declaring that Virginia Code § 37.2-416(B)(1), B(4) and (K) are unconstitutional as applied to all people seeking to work as substance abuse counselors, all people seeking to work as substance abuse counselors with convictions under Virginia Code § 18.2-57, and as applied to the plaintiff. Compl. at p. 18. Plaintiff further seeks a permanent injunction preventing enforcement of Virginia Code § 37.2-416(B)(1), B(4) and (K) as to all people seeking to work as substance abuse counselors, all people with convictions under Virginia Code § 18.2-57, and as applied to the plaintiff. Plaintiff also requests attorneys' fees, costs and expenses under 42 U.S.C. § 1988. *Id.*

## III.    LEGAL STANDARD

### A.     Federal Rule of Civil Procedure 12(b)(1)

---

[3] Assault and battery on a law enforcement officer is the only violent felony to which this exception applies. Aside from discussed *supra*, persons convicted of violent felonies against a person are ineligible for direct care positions and no exception applies. Va. Code §§ 37.2-416; 19.2-392.02.

Rule 12(b)(1) of the Federal Rules of Civil Procedure enables a party to move for dismissal by challenging a court's jurisdiction over a subject matter. Fed. R. Civ. P. 12(b)(1). A court must dismiss a case where the court finds subject matter jurisdiction lacking. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). A plaintiff bears the burden of proof for establishing that federal subject matter jurisdiction is proper. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). A court may dismiss a complaint which fails to allege facts to demonstrate subject matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

**B.      Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The function of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint." *Allen v. Coll. of William & Mary,* 245 F. Supp. 2d 777, 783 (E.D. Va. 2003). In considering the complaint in the light most favorable to the non-moving party, a court must grant a motion to dismiss if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is obligated to provide the "grounds" of his "entitlement to relief," and this requires more than labels and conclusions. *Id.* at 555.

Moreover, in *Ashcroft v. Iqbal*, the United States Supreme Court explained: "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009). First, not only are legal conclusions not to be accepted as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). Second, the task is "context-specific," meaning that the

Court is allowed to impose on the analysis its "judicial experience and common sense." *Id.* at 679. In sum, not all allegations, namely legal conclusions and factually implausible ones, are entitled to an assumption of truth. *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--that the pleader is entitled to relief." *Id.* at 679.

## IV. ARGUMENT

### A. The Plaintiff Lacks Standing To Bring This Lawsuit On His Behalf And On Behalf Of Hypothetical Third-Parties

Article III of the Constitution limits the judicial power of the federal courts to "cases" and "controversies," and thus, "restricts it . . . to redress[ing] or prevent[ing] actual or imminently threatened injury to persons caused by private or official violations of the law." *Summers v. Earth Island Inst.*, 555 U.S. 488, 492 (2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "A claim is justiciable if the 'conflicting contentions of the parties . . . present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract.'" *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006) (citing *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979)).

"[T]o satisfy Article III's standing requirements, a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (citing *Lujan*, 504 U.S. at 560-61). To be particularized, "the injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 561, n.1. The Supreme Court has stated that a plaintiff "must assert his own legal rights and interests and cannot rest his

claim to relief on the rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). The plaintiff bears the burden of showing standing for each type of relief sought. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983).

In the context of a § 1983 claim, "[injunctive relief] will not be granted absent the plaintiff's showing that there is a 'real or immediate threat that he will be wronged again . . . in a similar way.'" *Raub v. Campbell*, 785 F.3d 876, 885-86 (4th Cir. 2015) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995)). The Fourth Circuit has cautioned against stretching the concept of imminence "beyond its purpose." *Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 655 (4th Cir. 2015) (quoting *Lujan*, 504 U.S. at 565, n.2). "In short, an injury should be 'certainly impending' to serve as the basis for standing in a suit for injunctive relief." *Id.* (citing *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). Additionally, "[t]he law is well settled that federal injunctive relief is an extreme remedy." *Poe*, 47 F.3d at 1382.

For instance, in *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 750 (4th Cir. 2013), the plaintiff challenged the constitutionality of Virginia Code §§ 18.2-370.5 and 9.1-900 *et seq.*, which together classified her as a sexually violent predator and prevented her from entering the grounds of a school or daycare without first receiving permission from a Virginia circuit court and the school board or daycare owner. At the time she filed her lawsuit, however, the plaintiff had not attempted to gain permission by a Virginia circuit court, the school board, or any church. *Va. Dep't of State Police*, 713 F.3d at 751. In affirming the district court's dismissal of her claims, including a substantive due process claim, on the grounds that they were not ripe and the plaintiff lacked standing, the Fourth Circuit found that the plaintiff had not alleged any injury in fact, reasoning that as of yet, the consequences of the plaintiff's categorization as related to her ability to access school and church property were not final because she had not yet petitioned a

Virginia circuit court, the school board, or a church.  *Id.* at 750-51, 754.  Accordingly, the Fourth Circuit held "it is far from clear whether she will ultimately be barred from entering these properties" and any substantive due process injury that "she would suffer from not being able to enter a school or a church remains hypothetical."  *Id.* at 754.

As in *Va. Dep't of State Police*, plaintiff's as-applied claims challenging the constitutionality of Virginia Code § 37.2-416(B)(1), B(4) and (K) based on alleged equal protection and substantive due process violations fail because there is no "injury in fact."  Thus, there is no case or controversy conferring subject matter jurisdiction on this Court.  The harm alleged in the Complaint is not actual or imminent but conjectural and hypothetical.  Plaintiff alleges "[u]nless Defendant is enjoined from enforcing Va. Code Ann. § 37.2-416, [the plaintiff] will suffer continuing and irreparable harm."  Compl. ¶ 144.  Plaintiff seeks prospective relief "to remove the burden the barrier-crime ban imposes on [plaintiff] today."  *Id.* at 112.  Plaintiff, however, admits that he could work in a direct care position as a substance abuse counselor under the exception found at Virginia Code § 37.2-416(D) by obtaining a simple pardon and successfully completing a screening assessment.  *Id.* at ¶¶ 60-62.  The plaintiff alleges that he has not been pardoned but does not allege that he has sought and been denied a pardon.  *Id.* at ¶ 62.  Thus, at present, the consequences of Virginia Code § 37.2-416(B)(1), (B)(4), and (K) do not affect plaintiff with any finality.  It is unclear if plaintiff will always be barred from pursuing a direct care position as a substance abuse counselor.  Plaintiff fails to allege a "concrete and particularized" injury when his claimed injury may never materialize, and any injury the plaintiff might suffer from not being able to become a substance abuse counselor remains hypothetical.

Moreover, plaintiff lacks standing to bring as-applied claims on behalf of "all people seeking to work as substance-abuse counselors [and] all people seeking to work as substance-

abuse counselors with convictions under Va. Code Ann. § 18.2-57." Compl. p. 18, Request for Relief. Accordingly, these claims fail as they are not particularized. Plaintiff must assert his own legal rights and interests, and he cannot rest his claim to relief on the rights or interests of third parties. *See Lujan*, 504 U.S. at 561, n.1; *Warth*, 422 U.S. at 499. Because plaintiff lacks standing to bring his as-applied claims, the hypothetical third parties' claims also should be dismissed. *See Ulster Cnty. v. Allen*, 442 U.S. 140, 154-55 (1979) ("As a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations.")

Thus, the Court should dismiss plaintiff's as-applied claims and his as-applied claims for hypothetical third parties in their entirety and with prejudice pursuant to Rule 12(b)(1).

### B. Plaintiff's Claims Are Not Ripe

The plaintiff's claims are not ripe for judicial determination. "A case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) (citing *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir. 1992)). "A claim should be dismissed as unripe if the plaintiff has not yet suffered injury and any future impact 'remains wholly speculative.'" *Gasner v. Bd. of Supervisors*, 103 F.3d 351, 361 (4th Cir. 1996). A claim is not ripe where an injury is contingent upon a decision to be made by a third party that has not yet acted. *Doe v. Va. Dep't of State Police*, 713 F.3d at 758. The doctrine of ripeness prevents judicial consideration on an issue until a controversy is presented in a "clean-cut and concrete form." *Rescue Army v. Mun. Court of L.A.*, 331 U.S. 549, 584 (1947). The burden of ripeness is on the party bringing the suit. *Renne v. Geary*, 501 U.S. 312, 315 (1991).

In determining ripeness, the court balances the "fitness of the issues for judicial decision with the hardship to the parties of withholding court consideration." *Miller*, 462 F.3d at 319. The hardship prong of the ripeness analysis is "measured by the immediacy of the threat and the burden imposed on the petitioner who would be compelled to act under threat of enforcement of the challenged law." *Va. Dep't of State Police*, 713 F.3d at 759 (quoting *Charter Fed. Sav. Bank*, 976 F.2d at 208-09).

In *Va. Dep't of State Police*, in addition to lacking standing, the Fourth Circuit found the plaintiff's claims had been properly dismissed because they were not ripe, where the plaintiff had not petitioned a Virginia circuit court for permission to enter school or church property. *Id.* at 758-59. In analyzing the hardship prong there, the Fourth Circuit held that while the Virginia law is harsh on the plaintiff, requiring her to wait to bring her lawsuit to federal court until after she seeks permission from a Virginia circuit court would not cause undue hardship. *Id.* at 759.

Similarly, here, the plaintiff's as-applied claims are not ripe because he does not allege that he has petitioned for a pardon and his request has been denied. The plaintiff has not worked as substance abuse counselor since 2018, and he is presently employed. Compl. ¶ 43-44. Requiring the plaintiff to wait to bring this federal lawsuit until after he seeks a pardon from the Governor will not cause undue hardship. Accordingly, plaintiff's claims should be dismissed as not ripe for decision.

### C. Plaintiff Fails To Allege An Equal Protection Claim

Even if this Court finds that plaintiff has standing and his claims are ripe for decision, plaintiff fails to sufficiently allege an equal protection claim as applied to the plaintiff and as applied to other aspiring substance abuse counselors with barrier crime convictions. Under the Equal Protection Clause of the Fourteenth Amendment "[n]o State shall . . . deny to any person

within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV. This clause "guarantees equal laws, not equal results." *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 273 (1979). The Equal Protection Clause of the Fourteenth Amendment demands that similarly situated persons be treated alike. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyer v. Doe*, 457 U.S. 202, 216 (1982)).

To state an equal protection claim, a plaintiff must allege facts that plausibly suggest: (1) that he was treated differently from others with whom he is similarly situated, and (2) that the differing treatment resulted from intentional discrimination. *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). If a plaintiff satisfies this showing, a court then proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny. *Id.* A law that does not target a suspect class or burden a fundamental right is subject to rational basis scrutiny. *Heller v. Doe*, 509 U.S. 312, 319-20 (1993).

### 1. The Complaint Fails To Show That Plaintiff Was Treated Differently From Other Similarly Situated Persons

At the first prong of the analysis, plaintiff fails to sufficiently allege that he was treated differently from other similarly situated persons. Two groups of persons are "similarly situated" only if they "are similar in all aspects relevant to attaining the legitimate objectives" of the policy or legislation. *Van Der Linde Hous., Inc. v. Rivanna Solid Waste Auth.*, 507 F.3d 290, 293 (4th Cir. 2007). "Generally, in determining whether persons are similarly situated for equal protection purposes, a court must examine all relevant factors." *United States v. Olvis*, 97 F.3d 739, 744 (4th Cir. 1996). A plaintiff must identify persons materially identical to him who have received different treatment. *Kolbe v. Hogan*, 813 F.3d 160, 185 (4th Cir. 2016). "To pass the

similarly-situated threshold, 'the evidence must show a high degree of similarity' – that is, 'apples should be compared to apples.'" [4]  *Id.*  (internal citations omitted).

Here, the Complaint fails to allege comparators sufficiently similar to plaintiff and other aspiring substance abuse counselors with barrier crime convictions.  Plaintiff alleges only that "[a]spiring substance abuse counselors with barrier convictions are similarly situated, in all relevant respects, to other aspiring substance abuse counselors without barrier crimes."  Compl. ¶ 121.  The mere fact of a barrier crime conviction makes a person with such a conviction dissimilar to those without such a conviction.  Plaintiff further alleges that aspiring substance abuse counselors with assault and battery convictions are similarly situated, in all relevant respects, to other aspiring substance abuse counselors without assault and battery convictions. *Id.* at ¶ 122.  Again, these conclusory allegations fail for lack of similarity.

Plaintiff and other aspiring substance abuse counselors with barrier crime convictions are not similarly situated to persons without barrier crime convictions.  Plaintiff is a convicted felon with a violent criminal record.  Compl. ¶ 19.  Plaintiff's criminal history, which is relevant to his fitness to be a substance abuse counselor in a direct care position to vulnerable populations, makes him dissimilar to persons without barrier crime convictions.[5]  Moreover, persons charged and convicted of different crimes are not similarly situated. *Doe v. Settle*, No. 2:20-cv-190, 2020 U.S. Dist. LEXIS 165812, *9 (E.D. Va. Aug. 17, 2020) (citing *Vanderwall v. Commonwealth of*

---

[4] *See e.g. Gravitte v. N.C. DMV*, 33 Fed Appx. 45, 47 (4th Cir. 2002) (affirming dismissal for failure to state a claim because officers at different DMV districts are not similarly situated for the purposes of equal protection analysis);  *see also Greenspring Racquet Club, Inc. v. Baltimore County*, No. 99-2444, 2000 U.S. App. LEXIS 27207, 19 (4th Cir. Oct. 31, 2000) (holding equal protection challenge fails because, on its face, "it is a generally appliable law, and all similarly situated persons are treated alike.")

[5] Plaintiff's violent criminal record also makes him dissimilar to persons with non-violent barrier crime convictions.

*Va.*, No. 1:05cv1341, 2006 U.S. Dist. LEXIS 96149, *23-24 (Aug. 9, 2006)).  Accordingly, plaintiff does not sufficiently allege that he and other aspiring substance abuse counselors with barrier crime convictions, specifically convictions under Virginia Code § 18.2-57(C), are similarly situated in all relevant respects to other aspiring substance abuse counselors without barrier crime convictions.

Plaintiff also alleges that aspiring substance abuse counselors are similarly situated to other kinds of counselors who are not subject to the barrier crime ban. Compl. ¶ 124.  Plaintiff, however, fails to identify what other kinds of counselors are not subject to the barrier crime statute.  Thus, plaintiff fails to identify any similarly situated comparator.  As a result, it is not possible to conclude that any other kind of counselor is similarly situated to plaintiff or other persons with barrier crime convictions who aspire to be substance abuse counselors.  For these reasons, plaintiff fails to identify persons materially identical to him who have received different treatment, and his equal protection claim should be dismissed.

## 2. The Complaint Fails To Show That Any Unequal Treatment Was The Result Of Intentional Or Purposeful Discrimination

To allege an equal protection claim, a plaintiff must also plead sufficient facts to show that the allegedly unequal treatment "was the result of *intentional or purposeful discrimination*." *Equity in Ath., Inc. v. Dep't of Educ.*, 675 F. Supp. 2d 660 (W.D. Va. 2009) (emphasis in original) (quoting *Williams v. Hansen*, 326 F.3d 569, 574 (4th Cir. 2003)).  For instance, in *Greenspring Racquet Club, Inc. v. Baltimore County*, the Fourth Circuit upheld the Rule 12(b)(6) dismissal for facial and as-applied equal protection claims, where the complaint centered on the contention that a new ordinance was adopted in bad faith with an intent to discriminate against the plaintiff and the new ordinance failed to advance a legitimate state interest.  2000 U.S. App. LEXIS at *2-4, 6.  The Fourth Circuit held that the plaintiff's allegations were "not sufficient to

state an equal protection claim because the law at issue easily passes rational basis scrutiny," noting that the pertinent question is whether the officials "reasonably could have believed that the action was rationally related to a legitimate governmental interest." *Id.* at *18 (quoting *Front Royal & Warren Cnty. Indus. Park Corp. v. Town of Front Royal*, 135 F.3d 275, 290 (4th Cir. 1998)). The Court held:

> While Greenspring is free to speculate about the hostility that local officials directed toward them, in order to state an equal protection claim Greenspring also must demonstrate that there is no other legitimate purpose for the law. In other words, Greenspring must allege that malice and bad faith were the *only conceivable* bases for enacting [the ordinance], and this they cannot do.

*Id.* at 19 (emphasis in original) (citing *FCC v. Beach Commc'ns, Inc.*, 508 U.S. at 315.)

Likewise, here, plaintiff has not and cannot allege that malice and bad faith were the only conceivable bases for Virginia Code § 37.2-416(B). Out of his 150 paragraph Complaint, plaintiff makes only one conclusory allegation of discrimination: "[b]ecause the barrier-crime statute irrationally discriminates between similarly situated groups of people, it violates the Equal Protection Clause." Compl. ¶ 130. This allegation fails to support a claim upon which relief can be granted. Because the Complaint is devoid of sufficient allegations of intentional or purposeful discrimination, plaintiff's equal protection claim should be dismissed.

### 3. The Classification In Virginia Code § 37.2-416 Is Rationally Related To A Legitimate State Interest

Even if, *arguendo*, plaintiff alleged facts sufficient to state a discriminatory disparity in his treatment under Virginia Code § 37.2-416, his equal protection claim still fails because there is a rational basis for the disparity of treatment and a legitimate governmental purpose.

"In general, unless a suspect class is involved, disparate treatment is presumed to be valid and will be sustained if there is a rational relationship between the disparity of treatment and some legitimate governmental purpose." *King v. Rubenstein*, 825 F.3d 206, 221 (2016) (citing

*Veney v. Wyche*, 293 F.3d 726, 731 (4th Cir. 2002)). "Under rational basis review, a classification enjoys a strong presumption of validity and is constitutional as long as 'there is a rational relationship between the disparity of treatment and some legitimate governmental purpose.'" *U.S. v. Timms*, 664 F.3d 436, 447 (4th Cir. 2012) (quoting *Heller*, 509 U.S. at 320).

In reviewing the dismissal of an equal protection claim at the motion to dismiss stage, the Fourth Circuit stated, "[w]hile we therefore must take as true all of the complaint's allegations and reasonable inferences that follow, we apply the resulting 'facts' in the light of the deferential rational basis standard." *Giarratano v. Johnson*, 521 F.3d 298, 303-304 (2008). The deferential rational basis standard "requires the government to win if any set of facts reasonably may be conceived to justify its classification." *Id*. at 303. It also requires the plaintiff bear the burden "to negate every conceivable basis which might support the legislation." *Id*. (citing *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)).

Moreover, "'a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.'" *Giarratano*, 521 F.3d. at 303; *see also Timms*, 664 F.3d at 447 (quoting *Heller*, 509 U.S. at 321) ("[C]ourts are compelled under rational-basis review to accept a legislature's generalizations even where there is an imperfect fit between means and ends.")

"'[A] legislative choice is not subject to courtroom fact-finding,' and 'equal protection [analysis] is not a license for the courts to judge the wisdom, fairness, or logic of the legislative choices.'" *Giarratano*, 521 F.3d. at 303 (citing *Beach Commc'ns*, 508 U.S. at 313). A statute will not be overturned on equal protection grounds "unless the varying treatment of different

groups is so unrelated to the achievement of any combination of legitimate purpose that [the court could] only conclude that the legislature's actions were irrational." *Star Sci., Inc. v. Beales*, 278 F.3d 339, 352 (4th Cir. 2002) (quoting *Vance v. Bradley*, 440 U.S. 93, 97 (1979)). The state is under no obligation to produce evidence to support the rationality of the statute, which "may be based on rational speculation unsupported by any evidence or empirical data." *Giarratano*, 521 F.3d at 303 (quoting *Beach Commc'ns*, 508 U.S. at 313).

Also, a statute that is underinclusive because it contains an exemption is not irrational. "[T]he reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind. The legislature may select one phase of one field and apply a remedy there, neglecting the others." *Williamson v. Lee Optical of Okla.*, 348 U.S. 483, 489 (1955) (citation omitted).

For instance, in *Giarratano*, the Fourth Circuit affirmed the dismissal of an equal protection claim, finding the plaintiff's conclusory allegation about the lack of a rational relationship between Virginia's Freedom of Information Act's prisoner exclusion and any legitimate state interest was insufficient to plausibly state a claim for relief in light of the strong presumption in favor of the legislation's rationality. 521 F.3d at 304-305. Also, as recently as 2020, the Fourth Circuit, noted that the rational basis standard is a "highly constrained" judicial review even at the motion to dismiss stage, and under this standard, "those attacking the rationality of the [policy] have the burden to negative *every conceivable basis* which might support it." [6] *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648, 651 (4th Cir. 2020) (quoting *Beach Commc'ns*, 508 U.S. at 314-15) (emphasis in original).

_____

[6] *E.g., Stevens v. Holder*, 966 F. Supp. 2d 622, 642-643 (E.D. Va. 2013) (dismissing equal protection claim for failure to state a claim because the challenged policy had a rational basis, reiterating that the deferential rational basis standard placed the burden on the plaintiff to

Also recognized by a court in this circuit, in applying the rational basis standard, a court "is not confined to the particular or irrational purposes that may have been raised in the pleadings." *Just Puppies, Inc. v. Frosh*, No. ELH-21-1281, 2021 U.S. Dist. LEXIS 177475, *113 (D. Md. Sept. 17, 2021) (quoting *Progressive Credit Union v. City of New York*, 889 F.3d 40, 50 (2nd Cir. 2018)). "When applying rational basis doctrine to a dismissal for failure to state a claim, a legislative classification must be treated as valid 'if a court is able to hypothesize a legitimate purpose to support the action.'" *Id.* (quoting *Glass v. Paxton*, 900 F.3d 233, 244-45 (5th Cir. 2018) (citation omitted)).

The Commonwealth has an interest in regulating and setting standards for professions operating in its boundaries. *Goldfarb v. Va. State Bar*, 421 U.S. 773, 792 (1975) ("[A]s part of [the state's] power to protect the public health, safety and other valid interests [states] have broad power to establish standards for licensing practitioners and regulating the practice of professions.") Additionally, "[s]tates are accorded wide latitude in the regulation of their local economies under their police powers, and rational distinctions may be made with substantially less than mathematical exactitude." [7] *New Orleans v. Dukes*, 427 U.S. 297, 303 (1976). The

---

"negate every conceivable basis which might support" a governmental action); *see e.g., Bolding v. Tiddwell*, No. 3:11cv106, 2012 U.S. Dist. LEXIS 113920, *12 (E.D. Va. Aug. 13, 2012) (dismissing equal protection claim where plaintiff failed to allege there was no conceivable basis which might reasonably support the challenged disparate treatment and the plaintiff did not negate "every conceivable basis which might support the challenged government action."); *see Doe v. Settle*, 2020 U.S. Dist. LEXIS *8-10 (dismissing sexually violent predator-plaintiff's equal protection claim for failure to state a claim because statutes were rationally related to legitimate goal of protecting the public); *see also, Vanderwall v. Commonwealth of Va.*, No. 1:05cv1341, 2006 U.S. Dist. LEXIS 96149, *26-27 (E.D. Va. Aug. 9, 2006).

[7] *Flax v. Richmond*, 189 Va. 273, 283 (1949); *see Sims v. Tinney*, 482 F. Supp. 794, 796 (S.C.D.C. 1977) ("The regulation of who may or may not practice a profession, and under what terms and conditions, lies completely within the police power of the state . . ..."); *see also*, *Enigwe v. U.S. Airways*, 438 Fed. Appx. 80, 84 (3rd Cir. 2011) (dismissing plaintiff's equal protection and due process claims because the policy of not hiring persons with prior felony drug

federal courts long ago found that it was not their job to second guess state decisions on occupational licensure.  *See Lee Optical of Okla, Inc.*, 348 U.S. at 488-89; *see also Minn. v. Clover Leaf Creamery Co.,* 449 U.S. 456, 464-466 (1981) (holding where classification is "at least debatable" the law will stand because as long as the legislature "could rationally have decided" that its action would further its goal, the Equal Protection Clause is satisfied).

In Virginia, no provider of behavioral health and developmental services that delivers services to individuals with mental illness, developmental disabilities, or substance abuse, shall establish, conduct, maintain, or operate in the Commonwealth any service without being licensed, unless an exemption applies.  Va. Code §§ 37.2-403, 37.2-405.  Virginia Code § 37.2-416 provides additional requirements and standards for licensed providers of behavioral health and developmental services in direct care positions, such as substance abuse counseling.

In the instant case, no suspect class or fundamental right is alleged.  Thus, plaintiff's allegation of disparate treatment—that he cannot be a substance abuse counselor in a direct care position because of his criminal record while other individuals without similar criminal records can be substance abuse counselors in direct care positions—fails because Virginia Code § 37.2-416(B) has a legitimate purpose that easily survives rational basis scrutiny.

Plaintiff's equal protection claim fails because the Commonwealth has a rational and legitimate interest in preventing persons with certain criminal convictions, including those with violent criminal convictions like plaintiff, from working in a direct care position as a substance abuse counselor to protect the public health, safety and general welfare.  A person's criminal history is undoubtedly relevant to an individual's suitability and qualification for employment in

---

convictions was rationally related to the legitimate interest of preventing the use of the United States mail to distribute illegal drugs or the proceeds from drug sales).

a direct care position as a substance abuse counselor. A person with a conviction under Virginia Code § 19.2-392.02 has demonstrated a propensity to engage in serious, sometimes violent, criminal behavior. More to the point, plaintiff's criminal record shows that plaintiff himself had a propensity to engage in violent criminal behavior.

Additionally, a direct care position in substance abuse counseling presents a counselor with an opportunity to participate in and influence the lives of vulnerable individuals. It is rational that the legislature believed that people, like the plaintiff, who have barrier crime convictions such as felony assault and battery on a law enforcement officer may impose a risk and threaten the health, safety, and general welfare of persons receiving substance abuse counseling. It is rational that the legislature thought that persons with barrier crimes do not meet suitability and fitness requirements to hold direct care positions. The legislature also may have thought that allowing persons convicted of a violent felony like the plaintiff to provide direct care services to vulnerable populations without restriction would jeopardize the citizenry's confidence in the quality of mental health services in Virginia. It is rational that the legislature thought Virginia Code § 37.2-416 would serve a legitimate government purpose of ensuring public health, safety, and general welfare.

In sum, the classifications in Virginia Code § 37.2-416(B) are supported by a rational basis. The plaintiff has not alleged, and cannot allege, that Virginia Code § 37.2-416 fails rational basis scrutiny. The state has broad authority and a legitimate interest in ensuring public safety and regulating substance abuse facilities, including regulating who works in direct care positions with vulnerable populations. Plaintiff's conclusory allegations that Virginia Code § 37.2-416 is irrational fail to overcome the presumption of rationality that applies to Virginia

Code § 37.2-416.[8]  *See* Compl. ¶¶ 66-73, 76-77, 80-85, 88, 91-93, 98-99, 102-106.  The plaintiff

cannot negate every conceivable basis that might support Virginia Code § 37.2-416.

Accordingly, plaintiff's equal protection claim must be dismissed pursuant to Rule 12(b)(6).

**D.    Plaintiff Fails To State A Due Process Claim Pursuant To 42 U.S.C. § 1983**

Plaintiff's substantive due process claim should also be dismissed pursuant to Rule

12(b)(6).  Plaintiff alleges that Virginia Code § 37.2-416(B)(1), B(4), and (K) violate the Due

Process Clause by barring him and others with barrier crime convictions, specifically convictions

under Virginia Code § 18.2-57, with limited exceptions, from working as substance abuse

counselors in direct care positions.  Compl. ¶¶ 137-139.  Plaintiff claims that presuming people

with barrier crime convictions are unfit to work as substance abuse counselors denies due

process of law and "presents an unacceptably high risk of erroneously depriving them the right to

work in their chosen profession."  *Id.* at ¶¶ 140-143.

Plaintiff's allegations fail to allege a substantive due process claim.  "Substantive due

process is a far narrower concept than procedural; it is an absolute check on certain

governmental actions notwithstanding the fairness of the procedures used to implement them."

*Monegain v. Va. DMV*, 491 F. Supp. 3d 117, 148 (E.D. Va. 2020) (quoting *S.C. Dept. of Soc.

Servs.*, 597 F.3d 163, 170 (4th Cir. 2010)).  To allege a substantive due process claim, a plaintiff

must identify: (1) a specific liberty or property interest, (2) how the defendant deprived him of

---

[8] In addition, plaintiff asserts that Virginia Code § 37.2-416 serves no legitimate purpose given the availability of individualized screening. Compl. ¶ 80.  But equal protection analysis is not an opportunity for the courts to judge the wisdom or logic of legislative choices, nor do legislative choices have to be made with mathematical nicety.  *See Giarratano*, 521 F.3d. at 303. Changing the law to require individual screening is in the purview of the legislature.  *See Dukes*, 427 U.S. at 303 ("[T]he judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines.")

that liberty or property interest, and (3) how the defendant's actions fell outside the bounds of legitimate government action so that no process could cure the deficiency. *Id.* (citing *Sylvia Dev. Corp. v. Calvert Cnty.*, 48 F.3d 810, 827 (4th Cir. 1995)).

While the Fourteenth Amendment's liberty interests include the freedom "to engage in any of the common occupations of life," this concept does not stretch to provide a right to a particular job. *Bd. of Regents v. Roth*, 408 U.S. 564, 572, 576 (1972). "There is no fundamental right to work in any particular profession and occupational restrictions 'run afoul of substantive due process rights only if . . . irrational.'" *Doe v. Settle*, 2020 U.S. Dist. LEXIS at *17 (internal citations omitted); *see Prynne v. Settle*, 848 Fed. Appx. 93, 104 (4th Cir. 2021). The Fourteenth Amendment's Due Process Clause includes "some generalized due process right to choose one's field of private employment, but a right which is nevertheless subject to reasonable government regulation." *Prynne*, 848 Fed. Appx. at 104 (quoting *Conn v. Gabbert*, 526 U.S. 286, 291-92 (1999)) (citing *Litman v. Harris*, 768 F.3d 1237, 1242 (9th Cir. 2014) ("[A] restriction on the conduct of a profession will run afoul of substantive due process rights only if it is irrational.")) The constitutionality of state statues that regulate trades or professions invested with a strong public interest are generally measured against a rational basis standard. *See Schware v. Bd. of Bar Exam'r of State of N.M.*, 353 U.S. 232, 239 (1957); *Lee Optical of Okla., Inc.*, 348 U.S. at 489; *Kotch v. Bd. of River Port Pilot Comm'rs*, 330 U.S. 552, 556 (1947).

A state can require high standards of qualification, such as good moral character or proficiency in a field, but any qualification must have a rational connection with the individual's fitness or capacity to practice the profession. *Goldfarb v. Supreme Court of Virginia*, 766 F.2d 859, 861(4th Cir. 1985) (quoting *Schware*, 353 U.S. at 239); *see e.g., Gurrola v. Duncan*, 519 F.Supp. 3d 732, 743 (E.D. Cal. 2021) (dismissing plaintiff's due process claim with prejudice on

motion to dismiss because it was not illogical for the government to conclude that individuals with multiple or recent felony convictions were more likely to harm persons than those without, which related to the fitness of emergency medical technicians, who render basic life support and emergency medical care to vulnerable persons.)

While there is no fundamental right to pursue a career in substance abuse counseling, there is a generalized due process right to choose one's field of private employment subject to reasonable government regulation, and it is on this latter prong that plaintiff's due process claim collapses. A profession in substance abuse counseling is subject to reasonable government laws and regulations and, for the reasons stated *supra*, Virginia Code § 37.2-416 is rationally related to a legitimate government interest. Moreover, Virginia Code § 37.2-416 has a rational nexus to the fitness or capacity of the plaintiff and other aspiring substance abuse counselors to hold such a position. An individual's criminal history, especially a history of violent felonies, is relevant to an individual's fitness and capacity for serving in a direct care position as a substance abuse counselor to vulnerable individuals. For these reasons, pursuant to Rule 12(b)(6), plaintiff's due process claim should be dismissed.

E. **Plaintiff Fails To Allege A Privileges And Immunities Clause Claim**

Plaintiff's final claim for relief arises under the Fourteenth Amendment's Privileges and Immunities Clause. Compl. ¶¶ 146-150. The Complaint, however, concedes that the alleged claim under the Privileges and Immunities Clause is foreclosed by the *Slaughter-House Cases,* 83 U.S. (16 Wall.) 36 (1873). Compl. ¶ 150. Accordingly, this claim fails as a matter of law and should be dismissed.

## V. CONCLUSION

For the foregoing reasons, defendant, Alison Land, in her official capacity as Commissioner of the Virginia Department of Behavioral Health and Developmental Services, respectfully requests that this Court grant the Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6), dismiss this case with prejudice, and strike it from the docket.

**Respectfully submitted,**

*/s/ Amy E. Hensley*
Amy E. Hensley (VSB No. 80470)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 371-2267
Facsimile: (804) 371-2087
ahensley@oag.state.va.us
*\*Counsel of Record for Alison Land, in her official capacity as Commissioner of the Virginia Department of Behavioral Health and Developmental Services*

Mark R. Herring
Attorney General of Virginia

Allyson K. Tysinger
Senior Assistant Attorney General/Section Chief

Marshall H. Ross
Trial Section Chief/Senior Assistant Attorney General

Jaqueline C. Hedblom
Assistant Attorney General/Unit Manager General Civil Unit

Brittany A. McGill, Esq. (VSB No. 92401)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-0082

Facsimile: (804) 371-2087
BMcGill@oag.state.va.us
*Counsel of Record for Alison Land,
in her official capacity as Commissioner
of the Virginia Department of Behavioral
Health and Developmental Services*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 15th of November, 2021, I filed a copy of the foregoing document using the Court's ECM/ECF filing system, which will send an electronic notification of the same (NEF) to counsel of record for the plaintiff.

/s/ Amy E. Hensley
Assistant Attorney General
Office of the Attorney General