**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| **RUDOLPH CAREY III,** | |
| **Plaintiff,** | |
| **v.** | **1:21-cv-01090-LO-TCB** |
| **ALISON LAND, in her official capacity as Commissioner of the Virginia Department of Behavioral Health and Developmental Services,** | |
| **Defendant.** | |

<u>**COMMISSIONER LAND'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**</u>

Relying on conclusory allegations not supported by facts and now attempting to amend the Complaint through briefing, the plaintiff asks the Court to allow his case to proceed. Plaintiff's invitation should be declined, and the Complaint dismissed with prejudice. The plaintiff lacks standing, and his claims are not ripe. Plaintiff also fails to state a claim, facial or as applied, upon which relief can be granted. Virginia's barrier crime statute is rationally related to a legitimate governmental interest. The plaintiff has not, nor can he, overcome the highly deferential rational basis standard. The Complaint should be dismissed with prejudice.

**I.     ARGUMENT**

    **A.     Plaintiff's "As-Applied Claims" for Hypothetical Third Parties Fail to Satisfy the Facial Challenge Standard**

As a threshold issue, because plaintiff asserts that he brings as-applied claims for other individuals and seeks "quasi-facial" relief (Pl.'s Br. at 8, n.3; 25), the Court should first determine the scope of the Complaint before examining standing, ripeness, or plaintiff's failure

to state a claim.  In her Brief, defendant argued that plaintiff lacks standing to bring claims for hypothetical third parties.  Def.'s Br. at 8-11.  In response, plaintiff asserts that he can bring as-applied claims and request quasi-facial relief, as it is "routine practice."[1]  Pl.'s Br. at 8, n.3.

In making such assertions, however, plaintiff effectively admits that he fails to allege a facial challenge.  For instance, plaintiff argues: "[t]his is a Fourteenth Amendment challenge to Virginia barrier law, which limits people with any of 176 convictions from working as substance-abuse counselors."  Pl.'s Br. at 1.  But even this argument fails to allege that Virginia's barrier crime statute is unconstitutional under any application.  Moreover, upon review of the Complaint and the requested relief, it is obvious that if plaintiff intended to bring a facial challenge, he has failed to do so under *United States v. Salerno*, 481 U.S. 739 (1987).  Plaintiff cannot sidestep the standard for a facial constitutional challenge by characterizing his claims as quasi-facial.[2]

To allege a facial constitutional challenge to a statute, the most difficult challenge to mount successfully, the plaintiff must establish that "no set of circumstances exists under which the [statute] would be valid."  *Salerno*, 481 U.S. at 745; *see Rust v. Sullivan*, 500 U.S. 173, 183

---

[1] Plaintiff claims that *Billups v. City of Charleston*, 961 F.3d 673 (4th Cir. 2020) shows that he can bring as-applied claims for others and seek "quasi-facial relief."  Pl.'s Br. at 8, n.3. In *Billups*, the plaintiffs alleged facial and as-applied claims that a Charleston ordinance regulating tour guides violated the First Amendment.  *Billups*, 961 F.3d at 676-77.  Nowhere in *Billups* does the Fourth Circuit mention "quasi-facial relief" nor did the plaintiffs request such relief.  *See* Verified Complaint For Declaratory And Injunctive Relief, *Billups v. Charleston*, No. 2:16-cv-00264-DCN (D.S.C. Jan. 28, 2016) (requesting a declaratory judgment that "facially and as applied to Plaintiffs," the tour-guide-licensing regime codified in the Charleston City Code violates the First Amendment.)

[2] When confronted with a claim where the relief requested reaches beyond the plaintiff, whether a claim is labeled quasi-facial or facial is a distinction without a difference as both are required to meet the demanding *Salerno* requirement.  *See Doe v. Reed*, 561 U.S. 186, 194 (2010); *see also AFSCME Council 79 v. Scott*, 717 F.3d 851, 862-63 (11th Circuit 2013).

(1991) (finding that a facial challenge will fail if an act "can be construed in such a manner that [it] can be applied to a set of individuals without infringing upon constitutionally protected rights"); *see also Nat'l Endowment for the Arts v. Finley*, 524 U.S. 569, 580 (1998) (citing *Rust* and noting the "heavy burden" in advancing a facial constitutional claim).  "Indeed, 'the fact that [a statute] might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid, since we have not recognized an 'overbreadth' doctrine outside the limited context of the First Amendment.'"  *United States v. Cuong Gia Le*, 327 F. Supp. 2d 601, 610 n.10 (E.D. Va. 2004) (quoting *Salerno*, 481 U.S. at 745); *see also United States v. Shahani-Jahromi*, 286 F. Supp. 2d 723, 728 n.8 (E.D. Va. 2003) (same).

Moreover, "[f]acial challenges are disfavored" as they "run contrary to the fundamental principle of judicial restraint that the courts should neither 'anticipate a question of constitutional law in advance of the necessity of deciding it' nor 'formulate a rule of constitutional law broader than is required by the precise facts to which it is applied.'"  *Marcellus v. Va. State Bd. of Elections*, 168 F. Supp. 3d 865, 872 (E.D. Va. 2016) (quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450-51 (2008)).  Facial challenges "raise the risk of 'premature interpretation of statutes on the basis of factually barebones records.'"  *Id.* (quoting *Sabri v. United States*, 541 U.S. 600, 609 (2004)).

By contrast, in as-applied challenges, the Court must examine only the application of the law to the particular parties and facts of the case before it without considering whether the statute could be construed as unconstitutional in another hypothetical case.  *United States v. Stevens*, 559 U.S. 460, 473 n.3 (2010) (internal citations and quotations omitted) (observing case-specific "factual assumptions . . . can be evaluated only in the context of an as-applied challenge."); *see United States v. Martinez*, No. 1:18-cr-123-2, 2021 U.S. Dist. LEXIS 86333, at *7 (E.D. Va.

May 5, 2021) (citing *United States v. Le*, 327 F. Supp. 2d 601, 610 (E.D. Va. 2004)).

To determine the scope of a litigant's claims, courts look at the relief requested. If the relief reaches beyond the particular circumstances of the plaintiff, the plaintiff must satisfy the standard for a facial challenge. *See Reed*, 561 U.S. at 194 (citing *Stevens*, 559 U.S. at 472-73).

Here, the Complaint does not allege that the barrier crime law is unconstitutional in all of its applications. In fact, plaintiff acknowledges that the barrier crime statute affects other direct care positions aside from substance abuse counseling, yet he does not allege that Virginia Code § 37.2-416 is unconstitutional as applied to all people seeking to perform direct care positions. *See* Compl. ¶¶ 49-51; Pl.'s Br. at 3, 4 n.2. For example, the Complaint does not allege that Virginia Code § 37.2-416 is unconstitutional as applied to a Residential House Manager or a Direct Support Provider for day support and residential programs, even though these, too, are direct care positions. *See* Va. Code §§ 37.2-416(A) (defining "direct care position" as involving "treatment, case management, health, safety, development, or well-being of an individual receiving [behavioral health and developmental] services," (F) (discussing requirements for sponsored residential service providers).[3] Plaintiff argues that the barrier crime law is unconstitutional only as applied to "substance-abuse counselors, and especially as applied to substance-abuse counselors like [the plaintiff]." Pl.'s Br. 1. Plaintiff has not alleged, nor does he argue, that the barrier crime statute operates unconstitutionally in every application.

---

[3] *See also* Virginia Code § 37.2-403 (defining "provider" as any person who delivers services to persons with mental illness, developmental disabilities or substance abuse or residential services for persons with brain injury, and defining "services" as "planned individualized interventions intended to reduce to ameliorate mental illness, developmental disabilities, or substance abuse" with services including, outpatient services, intensive in-home services, opioid treatment services, inpatient psychiatric hospitalization, day support, partial hospitalization, and crisis stabilization.)

Additionally, plaintiff's Request for Relief does not ask for blanket relief that Virginia Code § 37.2-416 be struck as unconstitutional.  Instead, he requests that this Court enter an order declaring that Virginia Code § 37.2-416(B)(1), B(4) and (K) are unconstitutional as applied to all people seeking to work as substance abuse counselors, all people seeking to work as substance abuse counselors with convictions under Virginia Code § 18.2-57, and as applied to the plaintiff. Compl. at p. 18.  Plaintiff also seeks a permanent injunction preventing enforcement of Virginia Code § 37.2-416(B)(1), B(4) and (K) as to all people seeking to work as substance abuse counselors, all people with convictions under Virginia Code § 18.2-57, and as applied to the plaintiff.  *Id.*

The Complaint also does contest the rationality of the barrier crime statute in some circumstances, even as it relates to substance abuse counselors.  The Complaint's allegations suggest that *some* people with barrier crimes may present a unique risk to the public if allowed to work as substance abuse counselors.  *See* Compl. ¶ 84 ("Many people with barrier convictions have been rehabilitated and would present no unique risk to the public if allowed to work as substance-abuse counselors").  The Complaint also seems to concede that some people who are excluded by the barrier crime statute would not be well-suited as substance abuse counselors.[4] *See id.* at ¶ 91 ("The ban thus excludes many people who are well-suited to work as substance-abuse counselors.")  Likely understanding the uphill battle he faces, plaintiff would like to

---

[4] Plaintiff does not allege that all people excluded would be well-suited to be substance abuse counselors.  And the plaintiff is correct on that point.  To grant the quasi-facial relief plaintiff requests, under *Salerno's* strict "no set of circumstances" test, the Court would have to rule that Virginia Code § 37.2-416 operates unconstitutionally in every application, even when it prevents a convicted murderer, rapist, or child molester from getting out of prison and starting a new job as a substance abuse counselor for individuals with mental illness, developmental disabilities, and substance abuse in crisis at a DBHDS licensed provider.

insulate his claims from the "no set of circumstances test" of *Salerno*, but that is not the law, and thus plaintiff fails to allege a facial challenge to Virginia Code § 37.2-416.[5]

### B.     Plaintiff Lacks Standing and His Claims Are Not Ripe

Plaintiff's as-applied constitutional attack on Virginia Code § 37.2-416 should be dismissed for lack of standing and want of ripeness.  *See Doe v. Va. Dep't of State Police*, 713 F.3d 745, 750 (4th Cir. 2013).  Plaintiff asks this court to speculate about a hypothetical injury in the event plaintiff applies for and is denied a pardon.  This is contrary to the well-established doctrine that an action must be final before it is judicially reviewable.

Put another way, plaintiff does not have an injury-in-fact simply because he worked as a substance abuse counselor for a DBHDS licensed provider in violation of Virginia Code § 37.2-416 from 2013 until 2018 when his employer discovered his ineligibility and terminated him. Just because plaintiff was discharged three years ago from a job that he was ineligible to hold in the first place until taking certain steps to *become* eligible does not create an injury-in-fact.  To conclude otherwise would turn *Doe* on its head, for, in that case, even if Doe had been inadvertently allowed onto school property for some time, only to later be advised that she could *not* be on school property, it is clear from the Court's opinion that its ruling would have been the same.  Because Doe had not yet pursued the option set forth in the statute for obtaining permission to enter school property, she did not have standing.  Likewise, plaintiff in the case at bar lacks standing.

In that same vein, plaintiff's claim is not ripe for judicial determination because the ineligibility is not final and depends on future uncertainties.  *Doe*, 713 F.3d at 758 (citing *Miller*

---

[5] Plaintiff, likewise, fails to state a facial claim because he fails to sufficiently allege an as-applied claim as discussed *infra*.

*v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006)); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894

(1990) (holding court intervention is only appropriate in the administration of laws when a "final

agency action" has an actual or immediately threatened effect).[6]

In the context of challenging agency actions, the purpose of the ripeness doctrine is "to

prevent the courts, through avoidance of premature adjudication, from entangling themselves in

abstract disagreements over administrative policies, and also to protect the agencies from judicial

interference until an administrative decision has been formalized and its effects felt in a concrete

way by the challenging parties." *South Carolina v. United States*, 912 F.3d 720, 730 (4th Cir.

2019) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967), *abrogated on other grounds*

*by Califano v. Sanders*, 430 U.S. 99 (1977)).   And "'[w]here, [as is the case here], an injury is

contingent upon a decision to be made by a third party that has not yet acted, it is not ripe as the

subject of a decision in a federal court.'"   *Doe*, 713 F.3d at 758.

Plaintiff's retort to defendant's standing argument should be viewed for what it really is –

a straw man argument.   It is well-established that exhaustion of state remedies is not a

prerequisite for a non-prisoner plaintiff to bring a claim under Section 1983, and defendant does

not contend otherwise.[7]   Plaintiff, however, must have standing and his claim must be ripe to

---

[6] *See Franks v. Ross*, 313 F.3d 184, 195 (4th Cir. 2002) (finding a case is fit for judicial decision "where the agency rule or action giving rise to the controversy is final and not dependent upon future uncertainties or intervening agency rulings") (quoting *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir. 1992)).

[7] Defendant does not ask this Court to issue a ruling at odds with *Pakdel v. City & Cnty. of San Francisco*, 141 S. Ct. 2226 (2021).   Defendant is not arguing that exhausting state remedies is a prerequisite to file a Section 1983 claim.   Instead, in accordance with *Pakdel*, defendant argues that plaintiff's failure to properly pursue administrative procedures renders his claim not ripe because avenues remain for DBHDS to clarify or change its decision.   141 S. Ct. at 2231.   As the Supreme Court emphasized, there is a difference between the finality requirement and traditional administrative exhaustion.   *Id.*   It is on the former that plaintiff's claim fails.

bring suit, and for these reasons his claim falters – not because he fails to exhaust administrative remedies.

In the barrier crime statute, the Virginia legislature expressly provides that the plaintiff can work in a direct care position, such as substance abuse counseling, if he meets certain conditions. Va. Code § 37.2-416(D). The plaintiff acknowledges that he could become a substance abuse counselor at a DBHDS licensed provider if he obtains a simple pardon from Virginia's Governor. *See* Compl. at ¶¶ 60-62; Pl.'s Br. at 6. Plaintiff does not allege that he has applied for a pardon; instead, he says only that no pardon has been granted. *Id.* at ¶ 62.

In the context of Virginia Code § 37.2-416, a pardon is not remedial nor is it an appeal of any decision by the DBHDS; it is part of the eligibility decision. Moreover, pardons are given by a third party (the Governor). And here, in contravention with the ripeness doctrine, plaintiff asks this court to review a case that has no final decision and is contingent on future uncertainties and intervening decisions. *See Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 193-194 (1985), *overruled on other grounds by Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019) (finding that Commission's refusal to approve preliminary plat did not determine the issue nor was it a final, reviewable decision because it left open the possibility that respondent may develop the land after obtaining a variance).[8]

---

[8] *Knick* did not overrule *Williamson's* finality requirement. *See*, *Knick*, 139 S. Ct. at 2169. Rather, *Knick* held that because a Takings Clause violation becomes complete at the time a government takes property without just compensation, a property owner may file a Fifth Amendment claim under Section 1983 in federal court at that time and need not first file a state inverse condemnation action. *Id.* at 2177. The Court's holding in *Knick* in no way supports plaintiff's urging to find standing in the instant case.

Contrary to plaintiff's argument, the Fourth Circuit's ruling in *Doe v. Va. Dep't of State Police* should guide this Court's ruling to the same conclusion. 713 F.3d at 750. In *Doe*, the Fourth Circuit found that the plaintiff lacked standing to lodge constitutional challenges to Virginia statutes and her claims were not ripe. There, the statute banned the sexually violent offender-plaintiff from entering school property, but she could gain access to the property through successful petition of both the circuit court and a school board or private daycare. *Id.* at 751. The plaintiff, however, did not petition for permission to access the property. *Id.*

The same situation exists here. Plaintiff is barred by the barrier crime statute from holding a direct care position at a licensed DBHDS provider, but he can hold such a position, if he is granted a simple pardon and meets other individualized screening requirements. Va. Code § 37.2-416(D). Accordingly, the plaintiff's injury is contingent upon a decision to be made by a third party, the Governor, who has not yet acted.

Thus, until plaintiff attempts to comply with the statute to determine his eligibility, the final decision is unknown, and because the plaintiff has yet to secure a final decision, he lacks standing to bring his claims and those claims are not ripe for adjudication. *Doe*, 713 F.3d at 758. Moreover, in balancing the fitness of issues for judicial decision with the hardship to the parties, the scale clearly tips in favor of withholding court consideration until plaintiff has a final decision on his eligibility to hold a direct care position at a DBHDS licensed provider.[9]

---

[9] Plaintiff also fails to establish the third element of standing – redressability. *Doe*, 713 F.3d at 755. Redressability requires that an injury will likely be redressed by a favorable decision. *Id.* "No person shall claim to be, or use the title of, a substance abuse treatment practitioner, a substance abuse counselor, or a substance abuse counseling assistant unless he has been licensed or certified as such pursuant to §§ 54.1-3507, 54.1-3507.1 or § 54.1-3507.2." Va. Code § 54.1-3707.3. This requirement applies to substance abuse counselors at DBHDS licensed providers and private practitioners, absent an exemption. *See* Va. Code § 54.1-3501. Here, plaintiff does not allege he has been licensed or certified by the Board of Counseling. Thus, it is

In addition, plaintiff argues that independent professional counselors and psychologists are not subject to the barrier crime law. While plaintiff may have found a loophole in the barrier crime statute that the legislature, now alerted, may wish to close, plaintiff forecloses any argument that he has an injury-in-fact. *See* Pl.'s Br. 19-20. Stated differently, according to the plaintiff, and it seems to be the case under Virginia Code § 54.1-3507.1(B), the plaintiff could theoretically work as a substance abuse counselor right now if an independent licensed mental health professional hired and supervised him—as long as he had the required certification. *See* Pl.'s Br. at 20. For instance, psychologists are not licensed by DBHDS because the definition of "provider" in Virginia Code § 37.2-403 excludes individual practitioners who hold licenses from a health regulatory board. Thus, the plaintiff could potentially work at a psychologist's office as a substance abuse counselor as long as he is working under the required supervision and is board-certified. The plaintiff is not required to provide substance abuse counseling only at a DBHDS licensed provider. *See* Va. Code §§ 54.1-3507.1(B), 54.1-3507.2(B).[10]

For these numerous reasons, plaintiff's claims are not justiciable. Accordingly, plaintiff's as-applied claim should be dismissed for lack of standing and because his claim is not ripe.[11]

---

unclear that any ruling in plaintiff's favor by this Court would provide plaintiff with redress for his alleged injury. For this additional reason, plaintiff lacks standing.

[10] This, too, extinguishes plaintiff's due process claim because the Fourteenth Amendment's liberty interests include the freedom "to engage in any of the common occupations of life," but the concept does not stretch to provide a right to a particular job. *Bd. of Regents v. Roth*, 408 U.S. 564, 572, 576 (1972). Thus, plaintiff fails to allege a liberty interest.

[11] Because his as-applied claim fails, he lacks standing to bring a facial attack on Virginia Code § 37.2-416. *Ulster Cnty. v. Allen*, 442 U.S. 140, 154-55 (1979) ("As a general rule, if there is no constitutional defect in the application of the statute to a litigant, he does not have standing to argue that it would be unconstitutional if applied to third parties in hypothetical situations.")

C.      **The Complaint Does Not Pass Muster Under *Iqbal* and *Twombly***

Even assuming plaintiff is found to have standing and his claims are ripe, the Complaint should be dismissed for failure to state a claim.  Plaintiff's Brief underscores the Complaint's pleading deficiencies.

First, the plaintiff argues that he has stated a "claim that the barrier law is unconstitutional for substance abuse counselors" because plaintiffs in jurisdictions outside of the Fourth Circuit, including other state courts, have prevailed in cases concerning barrier laws or ordinances for various occupations, none of which involve substance abuse counseling or a statute like Virginia's barrier crime statute.[12]  Pl.'s Br. at 10-12.  The logic plaintiff asks this Court to employ does not meet the well-established pleading standard, nor does it assist the plaintiff in stating a claim.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Next, plaintiff argues that the Complaint's allegations, which must be accepted as true for purposes of a motion to dismiss, refute defendant's arguments that Virginia Code § 37.2-416 is rationally related to a legitimate government interest.  In support, plaintiff cites various allegations in the Complaint which consist only of opinions, conclusory allegations, or bald assertions not supported by fact.  *See* Pl.'s Br. at 14-15.  These allegations do not allege an equal protection or a due process claim under *Twombly* and *Iqbal*.  According to the Court in *Twombly*:

---

[12] For instance, plaintiff cites *Barletta v. Rilling*, in which a court found a statute banning all felons from obtaining a precious metals trading license without consideration of timing, nature, or circumstances of the conviction, or the applicant's rehabilitation was unconstitutional. 973 F.Supp. 2d 132, 138-39 (D. Conn. 2013); Pl.'s Br. at 11. The barrier crime statute, however, is not an all-out ban on felons, and for many convictions, including plaintiff's conviction, it accounts for timing, nature, and circumstances of the conviction, as well as the applicant's rehabilitation.  Va. Code § 37.2-416(C)-(E).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed
> factual allegations . . . a plaintiff's obligation to provide the "grounds" of his
> "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will not do . . . Factual allegations must be
> enough to raise a right to relief above the speculative level[.]

*Id.* at 555. Here, the plaintiff fails to plead factual content sufficient to state a claim. Moreover,

plaintiff's legal conclusions are not required to be accepted as true. And plaintiff's threadbare

recitals of the elements, supported by conclusory statements, are insufficient.

Plaintiff's remaining arguments against the Rule 12(b)(6) motion—that the barrier crime

law is overbroad, ignores individual circumstances, is harsh, and has exceptions (Pl.'s Br. 15-

23)—are easily dispensed with on review of the applicable case law and the Complaint, because

the Complaint does not set forth factual allegations which support such arguments.

### D.     Plaintiff Fails to Allege Due Process or Equal Protection Claims[13]

Plaintiff's due process and equal protection claims are analyzed under rational basis

scrutiny. Even if, *arguendo*, plaintiff sufficiently alleged all of the other elements required to

establish equal protection and due process violations—which he has not—his claims still fail

because Virginia Code § 37.2-416 is rationally related to a legitimate government interest, and

there is a rational nexus to the fitness and suitability of direct care providers at DBHDS licensed

providers. Plaintiff fails to overcome the presumption of rationality.

The Fourth Circuit has stated that "[w]hile we therefore must take as true all of the

complaint's allegations and reasonable inferences that follow, we apply the resulting 'facts' in

the light of the deferential rational basis standard." *Giarratano v. Johnson*, 521 F.3d 298, 303-04

(4th Cir. 2008). Moreover, the deferential rational basis standard "requires the government to

---

[13] Plaintiff also alleges a claim under the Privileges or Immunities Clause but concedes
that defendant's Motion to Dismiss should be granted as to this claim. Pl.'s Br. at 4-5.

win if *any* set of facts reasonably may be conceived to justify its classification." *Id.* at 303 (emphasis added). The standard also requires that plaintiff bear the burden "to negate every conceivable basis which might support the legislation." *Id.* (citing *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)). This, the plaintiff has not done.

Here, the plaintiff argues that concerns of the public's health, safety, and welfare are generic. Pl.'s Br. at 13. It is widely accepted, as the case law shows, that state legislatures may use their police powers to enact statutes and regulate professions for the health, safety, and welfare of the public. *New Orleans v. Dukes*, 427 U.S. 297, 303 (1976); *Goldfarb v. Va. State Bar*, 421 U.S.773, 792 (1975). Plaintiff even admits that the state has "wide latitude to regulate occupations." Pl.'s Br. at 1. Plaintiff has not discounted the legislature's legitimate concerns with allowing individuals with certain convictions from serving in direct care positions at DBHDS licensed providers. The plaintiff's conclusory allegations do not negate the rationale behind the barrier crime statute, which clearly satisfies rational basis scrutiny.

Plaintiff's additional objections that the barrier crime law is overbroad, harsh, has exceptions, and supposedly ignores individual circumstances (Pl.'s Br. 15-23) also do not show that the barrier crime statute fails rational basis scrutiny. A state statute does not violate the Constitution "because the classifications made by its laws are imperfect. If the classification has some 'reasonable basis,' it does not offend the Constitution simply because the classification 'is not made with mathematical nicety or because in practice it results in some inequality.'" *Giarratano*, 521 F.3d. at 303 (quoting *Dandridge v. Williams*, 397 U.S. 471, 485 (1970)).

Also, a statute that is underinclusive because it contains an exemption is not irrational. "[T]he reform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind. The legislature may select one phase of one field and

13

apply a remedy there, neglecting the others." *Williamson v. Lee Optical of Okla.*, 348 U.S. 483, 489 (1955) (citation omitted); *see e.g. Helton v. Hunt*, 330 F.3d 242, 246 (4th Cir. 2003). Further, under this standard, "'those attacking the rationality of the [policy] have the burden to negative *every conceivable basis* which might support it.'" *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 651 (4th Cir. 2020) (quoting *FCC v. Beach Commc'ns*, 508 U.S. 307, 314-15 (1993) (emphasis in original).  Thus, if this Court can hypothesize a legitimate purpose to support Virginia Code § 37.2-416, it survives rational basis scrutiny.  A legitimate purpose for the barrier crime statute is not difficult to surmise, given the Commonwealth's interest in regulating and setting standards for professions operating in its boundaries and protecting the public health, safety, and welfare.

It is reasonable that the legislature thought a person with a barrier crime conviction like the plaintiff in a direct care position may present a risk and threaten the health, safety, and general welfare of persons receiving substance abuse counseling at DBHDS licensed providers. It is rational that the legislature thought direct care providers' criminal histories have a rational nexus to an individual's fitness or capacity to practice the profession at a DBHDS licensed provider.  It is rational that the legislature thought persons with barrier crimes do not meet the suitability and fitness requirements to hold direct care positions given the highly vulnerable nature of the persons seeking services at licensed DBHDS providers.  The legislature also may have been concerned with preserving public confidence in licensed DBHDS providers, such that persons seeking services would not question or fear if the person assigned to be their counselor is a violent felon.  The plaintiff has not, and cannot, negate every conceivable basis that may support Virginia Code § 37.2-416.  Virginia Code § 37.2-416 is rationally related to serve a legitimate government purpose.  Accordingly, plaintiff fails to state a claim as a matter of law.

14

### i.      DBHDS Licensed Providers Serve Vulnerable Persons

Plaintiff argues that no allegations in the Complaint suggest that substance abuse counseling at a DBHDS licensed provider involves vulnerable people in acute medical emergencies, and therefore, defendant cannot make the argument that there is a rational basis or legitimate purpose for the statute.  Pl.'s Br. at 13.  The applicable statutes and regulations clearly contemplate services for vulnerable people in need of planned individualized intervention as shown on the face of the Complaint and in the authority cited in the Complaint.  Compl. ¶ 48; 18 VAC § 115-30-10 *et seq.*; Va. Code §§ 37.2-403, 37.2-405 (licensing and regulating facilities that provide planned interventions to reduce or ameliorate substance abuse through care, treatment, habilitation, training, and other supports and discussing services to be provided to persons with mental illness, developmental disabilities or substance abuse addictions); *see* Compl. ¶ 49; Va. Code § 37.2-416(A) (defining a "direct care position" as "any position that includes responsibility for (i) treatment, case management, health, safety, development, or well-being of an individual receiving services or (ii) immediately supervising a person with this responsibility.")  The Complaint provides that a substance abuse counselor is personally responsible for the treatment, health, safety, development, and well-being of the individual. Compl. ¶ 49.  Contrary to the plaintiff's assertions, the facts alleged in the Complaint unquestionably show that substance abuse counseling presents an opportunity to impact vulnerable persons in need of intervention in potentially life-threatening crises.[14]

---

[14] Plaintiff argues because barrier laws are not needed for engineers, barbers, auctioneers, lawyers, doctors, private counselors, psychologists, or marriage counselors who practice independently, it is plausible that the barrier crime statute is irrational for substance abuse counselors at DBHDS licensed providers.  Pl.'s Br. 18-20.  Engineers, barbers, and auctioneers do not serve persons in need of planned interventions over an extended period.  Those receiving services from a licensed DBHDS provider also may not get to choose his or her counselor, whereas any person can select the engineer, barber, auctioneer, private counselor, psychologist,

ii.     **The Grandfather Clause Does Not Make the Barrier Crime Statute Irrational**

The plaintiff argues that the barrier crime law is irrational because it contains a grandfather clause.  Pl.'s Br. at 20.  Plaintiff notes that (1) Virginia Code § 37.2-416(B) prohibits hiring but not ongoing employment; and (2) under Virginia Code § 37.2-416(A), individuals employed in a direct care position prior to July 1, 1999 are eligible for new employment in another direct care position.  The Fourth Circuit, however, almost two decades ago, found that the presence of a grandfather clause does not keep a statute from surviving rational basis review.

*Helton v. Hunt* involved a constitutional challenge to a North Carolina law effective July 1, 2000 banning gaming machines. 330 F.3d at 242.  The statute exempted machines that were both in operation by June 30, 2000 and registered for taxation by January 31, 2000.  *Id.* at 244-45.  The plaintiff argued that the statute violated the Equal Protection Clause by treating those who brought gaming machines into North Carolina after January 31, 2000 differently than those who brought machines into North Carolina prior to that date.  *Id.* at 245.  The Fourth Circuit rejected the assumption that because a grandfather clause "seems unfair, it is also unconstitutional."  *Id.* at 245-46.  There the Fourth Circuit stated:

> Lawmaking by its nature requires that legislatures classify, and classifications by their nature advantage some and disadvantage others . . . "Defining the class of persons subject to a regulatory requirement . . . inevitably requires that some persons who have an almost equally strong claim to favored treatment be placed on

---

or marriage counselor of their choice.  The same is largely true for doctors and lawyers, who are also subject to fitness requirements.  Licensed or certified substance abuse counselors, marriage counselors, and psychologists, regardless of whether they work at a DBHDS licensed provider, are regulated by their respective Boards, which may deny, revoke, or suspend a certification for a felony conviction. Va. Code § 54.1-3503; 18 VAC 115-30-150; 18 VAC 115-50-120; Va. Code § 54.1-3603; 18 VAC 125-20-160.  Moreover, DBHDS licensed providers often provide intense residential or inpatient services and thus are likely serving persons with higher acuity levels than those being counseled for an hour a week by a private practitioner.  *See* 12 VAC35-105-30(B) (listing services provided by DBHDS licensed providers).

different sides of the line, and the fact [that] the line might have been drawn differently at some points is a matter for legislative, rather than judicial, consideration."

*Id.* at 246 (quoting *Beach Commc'ns, Inc.*, 508 U.S. at 315-16 (alteration in original).

Because the gaming machine ban was rationally related to a state interest, the grandfather clause did not strip the statute of its constitutionality. "[T]here is no mandate that a state must address its problems wholesale. Indeed, states are free to regulate by degree, one step at a time, 'addressing . . . the phase of the problem which seems most acute to the legislative mind." *Id.* (quoting *Williamson,* 348 U.S. at 489).

The barrier crime statute is analogous to the gaming machine ban in *Helton* in that it contains a grandfather clause which exempts those employed before a certain date. As in *Helton*, the fact that the Virginia legislature chose July 1, 1999 as its cutoff date for application does not show a constitutional violation. Because Virginia Code § 37.2-416 is rationally related to the legitimate governmental interest of regulating and setting standards for professions operating in its boundaries, plaintiff's argument fails.

###   iii.   The Barrier Crime Statute Considers Individual Circumstances

The plaintiff also complains that the barrier crime statute fails to consider individual circumstances. To the contrary, the express statutory language considers individual circumstances for numerous convictions, including the plaintiff's conviction for assault and battery on a law enforcement officer.[15]   *See* Va. Code §§ 37.2-416(C)-(E).

---

[15] On this, plaintiff cites two cases involving bans to *all* felons without consideration of other factors (*Barletta* and *Smith v. Fussenich*, 440 F. Supp. 1077 (D. Conn. 1977)), and two cases recognizing the age of a conviction (*Sec'y of Revenue v. John's Vending Corp.*, 309 A.2d 358 (Pa. 1973) and *Fields v. Dep't of Early Learning*, 434 P.3d 999 (Wash. 2019)). Pl.'s Br. at 17. The barrier crime statute only prohibits hiring individuals convicted of certain crimes and allows for consideration of the time, nature and circumstances surrounding the conviction and the applicant's rehabilitation. Va. Code 37.2-416(C)-(E). Moreover, the pardon requirement for

### iv.    The Complaint Does Not Allege a Similarly Situated Comparator or Intentional Discrimination

For the reasons stated *supra*, the plaintiff's equal protection claim should be dismissed.  It should also be dismissed because the plaintiff fails to allege intentional or purposeful discrimination.  Plaintiff does not allege any allegations to show intentional discrimination nor does he argue that he has made any such allegations.  Pl.'s Br. 23.  Instead plaintiff cites *Morrison v. Garraghty*, a race-based discrimination case, in which the plaintiff was denied, and told that he was denied, certain relief solely because he was not of Native American heritage.  239 F.3d 648, 657-58 (2001).  While the legislature intentionally passed the barrier crime statute, this does not show intentional discrimination as in *Morrison*.

The Complaint also fails to establish an equal protection claim because it fails to sufficiently allege similarly situated comparators.  The plaintiff argues that aspiring substance abuse counselors with and without barrier convictions are the same.  Pl.'s Br. at 24.  This conclusory allegation without factual support fails to provide a similarly situated comparator required to allege an equal protection claim.  In addition, plaintiff claims that he has alleged that "would-be independent professional counselors, psychologists, and marriage and family therapists" are similarly situated comparators.  Pl.'s Br. 24.  Plaintiff does not cite to the Complaint but instead refers to his Brief.  *Id.*  This is because these allegations are not in the Complaint.  Plaintiff only alleges that aspiring substance abuse counselors are similarly situated to other kinds of counselors who are not subject to the barrier crime ban.  Compl. ¶ 124.  Plaintiff never identifies what other kinds of counselors are not subject to the barrier crime statute in the

---

plaintiff's offense incorporates an evaluation of individualized circumstances.  *Synder v. City of Alexandria*, 870 F.Supp. 672, 680-81 (E.D. Va. 1994).

Complaint.  Nor does he allege that persons subject to the grandfather clause are similarly situated comparators.  Plaintiff may not amend his Complaint through his briefing.  *See E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 449 (4th Cir. 2011).  As such, for these additional reasons, plaintiff fails to allege an equal protection claim.

### v.      The Complaint Does Not Allege a Procedural Due Process Claim

While all of plaintiff's claims fail for the reasons stated above, according to the plaintiff, the Complaint alleges a procedural due process claim.  *See* Pl.'s Br. at 12 n.4 (citing Compl. ¶¶ 133-43).  The Complaint, however, is devoid of allegations that allege, provide factual support, or even put the defendant on notice that the Complaint attempts to allege a procedural due process claim.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.  *Twombly,* 550 U.S. at 555 n.3 (citing 5 Wright & Miller § 1202, at 94, 95 ("Rule 8(a) 'contemplates the statement of circumstances, occurrences and events in support of the claim presented' and does not authorize a pleader's 'bare averment that he wants relief and is entitled to it'")).  Indeed, the plaintiff acknowledges that to state a claim that is plausible, he must give the defendant fair notice of what the claim is and the grounds on which it rests.  Pl.'s Br. at 9.

Here, the lone allegation in the Complaint that mentions procedural due process merely states that the Due Process Clause has both substantive and procedural components.  Compl. ¶ 134.  Aside from this, the only other allegations in the Complaint that could conceivably touch on procedural due process are allegations that barring persons with barrier crime convictions from working as substance abuse counselors "with only limited exceptions allowing for

individualized screening" violates due process of law.[16]  *See* Compl. ¶¶ 137-38, 142.  These vague and conclusory allegations are insufficient to allege a procedural due process claim.

Plaintiff does not allege what kind of process he is due nor does he allege how his procedural rights were allegedly violated, especially in light of the individualized screening that plaintiff acknowledges applies to his barrier crime conviction under Virginia Code § 37.2-416(D).  Compl. ¶¶ 59-61.  There are also no allegations about what notice the plaintiff received or should have received.  Thus, the Complaint lacks sufficient allegations to support a procedural due process claim.  Again, the plaintiff cannot now amend his Complaint through briefing.  Accordingly, the plaintiff's procedural due process claim should be dismissed.

## II.     CONCLUSION

For the foregoing reasons and the reasons set forth in her Memorandum in Support of Motion to Dismiss, defendant, Alison Land, in her official capacity as Commissioner of the Virginia Department of Behavioral Health and Developmental Services, respectfully requests that this Court grant the Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6), dismiss this case with prejudice, and strike it from the docket.

**Respectfully submitted,**

*/s/ Amy E. Hensley*
Amy E. Hensley, Esq. (VSB No. 80470)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219

---

[16] To the extent that plaintiff argues that individualized screening would cure the deficiency the plaintiff perceives (Pl.'s Br. 17-18), this is another reason why his substantive due process claim should be dismissed.  *See Sylvia Dev. Corp. v. Calvert Cnty.*, 48 F.3d 810, 827 (4th Cir. 1995) (finding that to allege a substantive due process claim, a plaintiff must show how "the state's action falls so far beyond the outer limits of legitimate governmental action that *no process* could cure the deficiency") (emphasis in original).

Telephone: (804) 371-2267
Facsimile: (804) 371-2087
ahensley@oag.state.va.us
*Counsel of Record for Alison
Land, in her official capacity as
Commissioner of the Virginia
Department of Behavioral Health
and Developmental Services

Mark R. Herring
Attorney General of Virginia

Allyson K. Tysinger
Senior Assistant Attorney General/Section Chief

Marshall H. Ross
Trial Section Chief/Senior Assistant Attorney General

Jaqueline C. Hedblom
Assistant Attorney General/Unit Manager General Civil Unit

Brittany A. McGill, Esq. (VSB No. 92401)
Assistant Attorney General
Office of the Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-0082
Facsimile: (804) 371-2087
BMcGill@oag.state.va.us
*Counsel of Record for Alison Land,
in her official capacity as Commissioner
of the Virginia Department of Behavioral
Health and Developmental Services

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th of December, 2021, I filed a copy of the foregoing document using the Court's ECM/ECF filing system, which will send an electronic notification of the same (NEF) to counsel of record for the plaintiff.

/s/ Amy E. Hensley
Assistant Attorney General
Office of the Attorney General