IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RUDOLPH CAREY III,<br>   *Plaintiff*,<br>v.<br>ALISON LAND, IN HER OFFICIAL CAPACITY AS COMMISSIONER OF THE VIRGINIA DEPARTMENT OF BEHAVIORAL HEALTH AND DEVELOPMENTAL SERVICES,<br>   *Defendant*. | Civil Action No. 1:21-cv-01090<br>Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on the Motion to Dismiss filed by Defendant Alison Land in her official capacity as Commissioner of the Virginia Department of Behavioral Health and Developmental Services. Dkt. 13. Defendant seeks to dismiss Plaintiff Rudolph Carey's Complaint, Dkt. 1, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons that follow, Defendant's Motion to Dismiss, Dkt. 13, is **GRANTED** under Federal Rule of Civil Procedure 12(b)(1).

### I. BACKGROUND

Plaintiff Rudolph Carey III brings this Complaint as a Fourteenth Amendment challenge to a Virginia statute preventing people with convictions for any of more than 100 "barrier crimes" from working as substance-abuse counselors. Plaintiff argues that there is no rational basis for this prohibition. Dkt. 1 at 2. He seeks a judgment declaring Virginia's ban unconstitutional, enjoining its application, and allowing him the chance to resume work in his prior and preferred profession as a substance-abuse counselor. *Id.*

In the 1990s and early 2000s, Plaintiff abused alcohol and drugs and had a criminal history. He was convicted of theft and driving on a suspended license several times and spent about three years in prison for those offenses. *Id.* at 4. In December 2004, Plaintiff was convicted of driving on a suspended license, forging a public record, and assault and battery on a law enforcement officer. Upon his release from prison in 2007, Plaintiff decided to get clean and change his life. Since then, he has not been convicted of any crimes and states that he has not used illegal drugs. *Id.* at 4-5.

Plaintiff began working as a substance-abuse counselor in October 2013, helping others to get clean as he himself did. He completed 2,000 hours of supervised substance-abuse counseling and had caseloads as high as 60 clients. He received praise from his supervisor and even won a counselor of the year award. *Id.* at 6.

However, in 2018, another rehabilitation facility bought out Plaintiff's employer and reviewed its legal obligations. It discovered that Plaintiff was ineligible to work as a substance-abuse counselor and terminated his employment. Under Virginia law, with limited exceptions, if a prospective employee has ever been convicted of any of 176 "barrier crimes," the prospective employee is ineligible to work in a "direct-care" position. The 176 barrier crimes range widely and include both felonies and misdemeanor. Plaintiff's 2004 conviction of assault and battery on an official is a barrier crime, and his work as a substance-abuse counselor is a direct-care position. *Id.* at 8; *see also* Va. Code § 37.2-416(B)(1), (B)(4), and (K).

Notably, there is an exception to this ban. An individual convicted of not more than one felony assault and battery against a law enforcement officer in violation of Virginia Code § 18.2-57(C) may be hired in a direct care position if he (1) is granted a pardon, (2) more than 10 years have elapsed since the conviction, and (3) "the hiring provider determines, based upon a

2

screening assessment, that the criminal behavior was substantially related to the applicant's substance abuse and that the person has been successfully rehabilitated and is not a risk to individuals receiving services based on [the individual's] criminal history background and [...] substance abuse history." Va. Code § 37.2-416(D); *see* Dkt. 14 at 5-6. Plaintiff is ineligible for this exception at this time because he has not been pardoned. *Id.* at 6. Notably, while Plaintiff alleges that he has not been pardoned, he does not allege that he has sought and been denied a pardon. *Id.* at 10.

Plaintiff now brings this civil rights action under the Fourteenth Amendment to the United States Constitution; the Civil Rights Act of 1871, 42 U.S.C. § 1983; and the Declaratory Judgment Act, 28 U.S.C. § 2201. Dkt. 1 at 3.

Defendant's Motion to Dismiss argues, *inter alia*, that Plaintiff's Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff lacks standing and because his claims are not ripe. Dkt. 14 at 8-12. Defendant further argues that Plaintiff fails to allege an equal protection claim, and that his Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

Because the Court finds that Plaintiff lacks standing and his claims are not ripe for review under Federal Rule of Civil Procedure 12(b)(1), the Court will not proceed to the second step of analysis regarding whether Plaintiff failed to allege an equal protection claim under Federal Rule of Civil Procedure 12(b)(6).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert the defense of lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Court must dismiss a case where the Court finds that subject matter jurisdiction is lacking. *Arbaugh v. Y & H Corp.*, 546 U.S. 500,

514 (2006). A Plaintiff bears the burden of proving that subject matter jurisdiction is proper. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).

### III. DISCUSSION

In the Motion to Dismiss, Defendant argues that Plaintiff lacks standing to bring this lawsuit and that Plaintiff's claims are not ripe. Dkt. 14 at 2.

To satisfy Article III's standing requirements, "a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000).

Furthermore, "[a] case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) (internal citations omitted). "A claim should be dismissed as unripe if the plaintiff has not yet suffered injury and any future impact 'remains wholly speculative.'" *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013) (citing *Gasner v. Bd. of Supervisors*, 103 F.3d 351, 361 (4th Cir. 1996)).

In *Doe v. Virginia Department of State Police*, the Fourth Circuit considered a case in which Plaintiff Doe brought a § 1983 action challenging Virginia state statues that, together, reclassified her as a sexually-violent offender and prevented her from entering grounds of school or daycare without first gaining permission of both the state court and the subject school. *Va. Dep't of State Police*, 713 F.3d at 750. The Fourth Circuit reasoned that because "these consequences do not affect [Plaintiff] with finality, as she has not taken any of the steps

4

necessary to access those properties... any injury... remains hypothetical." *Id.* at 754. The Court held that, because Plaintiff had not attempted to undertake the requisite steps to access these properties by seeking permission from the state court and subject school, her claims were not justiciable. *Id.* at 750.

The same reasoning applies here. Plaintiff notes that he could work in a direct care position as a substance-abuse counselor by obtaining a pardon and successfully completing a screening assessment. Dkt. 1 at 8. There is no indication that Plaintiff has sought and been denied a pardon. Dkt. 14 at 10. Given this, the consequences of Virginia Code § 37.2-416(B)(1), (B)(4), and (K) do not affect plaintiff with finality and his injury "remains hypothetical." *Va. Dep't of State Police*, 713 F.3d at 754.

This case is notably distinguishable from the primary cases relied upon by Plaintiff: *Knick v. Township of Scott*, 139 S. Ct. 2162 (2019) and the recent *Pakdel v. City and County of San Francisco*, 141 S. Ct. 2226 (2021). Although *Pakdel* emphasizes "'the settled rule' that 'exhaustion of state remedies is *not* a prerequisite to an action under ... § 1983,'" *Pakdel*, 141 S. Ct. at 2230, the Supreme Court's holdings in both cases relate to actions brought under the Fifth Amendment Takings Clause. Moreover, the *Pakdel* Court itself notes that a "plaintiff's failure to properly pursue administrative procedures may render a claim unripe *if* avenues still remain for the government to clarify or change its decision..." *Pakdel*, 141 S. Ct. at 2231.

Defendant states in her reply that she is not asking this Court to make a ruling at odds with *Pakdel*, but rather notes the difference between the finality requirement and traditional administrative exhaustion. Dkt. 18 at 7. In her *Virginia Deparmtnet of State Police* concurrence, Judge Keenan makes the same argument. She writes:

> "There is a clear distinction between the requirement that administrative remedies be exhausted and the requirement that a challenged action be final before it is judicially

5

reviewable... Doe is not required to seek a determination in a Virginia forum that her rights were violated before filing a § 1983 action in federal court... Doe is required, however, to petition a Virginia circuit court and the local school board, in their capacities as 'initial decisionmaker[s],' to determine whether and under what conditions she will be granted access to school property." *Va. Dep't of State Police*, 713 F.3d at 762-63 (Keenan, J., concurring).

The same reasoning applies to Plaintiff's case here. Although Plaintiff need not exhaust state remedies prior to filing a § 1983 claim, he must at least comply with the Virginia state statute to determine his eligibility to work as a substance-abuse counselor. As the Fourth Circuit stated: "[t]he principles of federalism and comity counsel in favor of providing at least an opportunity for the processes provided for by Virginia's statute to address Doe's claims before intervening," *Va. Dep't of State Police*, 713 F.3d 753. Here, because Plaintiff has yet to secure a final decision about his eligibility, he lacks standing and his claims are not ripe for judicial adjudication.

## IV. CONCLUSION

Based on the foregoing analysis, the Court finds that Plaintiff lacks standing, and his claims are not ripe for review. Therefore, Defendant's Motion to Dismiss, Dkt. 13, is hereby **GRANTED** pursuant to Federal Rule of Civil Procedure 12(b)(1).

The Court sincerely hopes that Plaintiff does indeed seek and receive a pardon, and that he is able to return to his good and important work in his preferred profession as a substance-abuse counselor. The Court wishes Plaintiff all the best in this endeavor.

It is **SO ORDERED.**

January 18, 2022
Alexandria, Virginia

Liam O'Grady
United States District Judge