IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Rudolph Carey III,<br>   *Plaintiff*,<br>v.<br>Alison Land, in her official capacity as Commissioner of the Virginia Department of Behavioral Health and Developmental Services,<br>   *Defendant*. | Civil Action No. 1:21-cv-01090<br>Hon. Liam O'Grady |

Before the Court is a "Motion to Reconsider Dismissal and Amend Complaint" brought by Plaintiff Rudolph Carey, III. Dkt. 20. Defendant Alison Land, acting in her official capacity as Commissioner of Virginia Department of Behavioral Health and Developmental Services, has responded in opposition, Dkt. 22, and Plaintiff has replied in support, Dkt. 23.

Plaintiff previously brought a Complaint in this Court. Dkt. 1. He asserted a Fourteenth Amendment challenge to a Virginia statute that prevented people with convictions for any of more than 100 "barrier crimes" from working as substance-abuse counselors. Plaintiff alleged that there was no rational basis for the prohibition. Dkt. 1 at 2. He sought a judgment declaring Virginia's ban unconstitutional, enjoining its application, and allowing him the chance to resume work in his prior and preferred profession as a substance-abuse counselor. *Id.*

Upon the Defendant's Motion, Dkt. 13, the Court dismissed Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 19. The Court noted that, although Plaintiff acknowledged that he could work in a direct care position as a substance-abuse counselor by obtaining a pardon and successfully completing a screening assessment, *see* Dkt. 1 at 8, there was no indication in his Complaint that Plaintiff had sought and been denied a pardon,

*see* Dkt. 14 at 10. The Court therefore held that Plaintiff lacked standing and that his claims were not ripe for review. Dkt. 19 at 6.

Plaintiff now brings the instant Motion to Reconsider Dismissal and Amend Complaint. Dkt. 20. In the Motion, among other things, Plaintiff requests leave to allege additional facts about the pardon process. *Id.* at 7-9. Plaintiff now explains that he in fact did petition the Governor of Virginia for a pardon in 2018, just after the Department forced him from his job. Although more than three years have passed, that petition for a pardon remains pending. *See id.* at 7-8.

Plaintiff's matter in this Court is inexorably tied to his pardon application with the Governor. Therefore, the Governor is directed to prioritize Rudolph Carey III's pardon application. The Court will hold its ruling on this matter in abeyance until the Governor rules on Plaintiff's pardon application.

As noted, Plaintiff's pardon application has been pending for more than three years. The Court previously stated that it sincerely hoped that Plaintiff is able to return to his good and important work in his preferred profession as a substance-abuse counselor, *see* Dkt. 19 at 6, and reiterates that hope here. The Court expects that the Governor will address this important matter promptly.

May 10, 2022
Alexandria, Virginia

Liam O'Grady
United States District Judge