IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RUDOLPH CAREY III, )<br>                *Plaintiff*, )<br>v. )<br>)<br>ALISON LAND, IN HER OFFICIAL CAPACITY AS )<br>COMMISSIONER OF THE VIRGINIA )<br>DEPARTMENT OF BEHAVIORAL HEALTH AND )<br>DEVELOPMENTAL SERVICES, )<br>                *Defendant*. )<br>) | Civil Action No. 1:21-cv-01090<br>Hon. Liam O'Grady |

## ORDER

Before the Court is Plaintiff's Second Motion for a Hearing in the above-captioned action. Dkt. 28.

This Court previously granted Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1). The Court found that, because Plaintiff had yet to secure a final decision on his eligibility to work as a substance abuse counselor through the Virginia pardon process, Plaintiff did not have standing to bring this lawsuit and that his claims were not ripe. Dkt. 19. In so ruling, the Court relied upon *Doe v. Virginia Department of State Police*, 713 F.3d 745 (4th Cir. 2013).

Plaintiff brought a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). Dkt. 20. In that Motion, Plaintiff argued that his case was controlled not by *Doe*, but rather by *Hamilton v. Pallozzi*, 848 F.3d 614 (4th Cir. 2017). Plaintiff also stated in this Motion that he in fact did seek a pardon; a fact not discussed in his initial Complaint.

Finding that "Plaintiff's matter in this Court is inexorably tied to his pardon application with the Governor," the Court held the Motion for Reconsideration in abeyance until the Governor of Virginia ruled on Plaintiff's pardon application. Dkt. 24 at 2.

Plaintiff has since informed the Court that the Commonwealth of Virginia has advised Plaintiff that it will not be prioritizing Plaintiff's pardon application and cannot provide a definitive date by which his petition will be decided. *See* Dkt. 25. Because Plaintiff's pardon application has now been pending for more than three and a half years, and because the Commonwealth indicates that Plaintiff must continue to wait indefinitely, Plaintiff has requested that the Court no longer hold its ruling in abeyance pending Plaintiff's pardon application. *See* Dkt. 28 at 1-3.

The Court maintains that Plaintiff's standing in this case is governed by *Doe* rather than *Hamilton*. The Maryland statutes analyzed in *Hamilton* were an all-out ban for possession of a firearm for an individual with a disqualifying conviction. The Maryland Legislature had not created an exception to the prohibition to possess a firearm by expressly stating that the ban was not in effect if certain conditions were satisfied, such as obtaining a simple pardon. Here, by contrast, the barrier crime statute at issue contains an exception that would allow Plaintiff to be employed in a direct care position. *See* Dkt. 22 at 8-9.

For these reasons, the Court will no longer hold Plaintiff's Motion for Reconsideration in abeyance. Rather, the Motion for Reconsideration, Dkt. 20, is **DENIED**. Plaintiff's Second Motion for a Hearing, Dkt. 28, is **DENIED**.

It is **SO ORDERED.**

August \_\_\_, 2022
Alexandria, Virginia

Liam O'Grady
United States District Judge